**In the Matter of FEDERATED DEPARTMENT STORES, INC., and Allied Stores Corporation, et al., Debtors.**

**No. 1–90–00130.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 12, 1990.

Jones, Day, Reavis & Pogue, Cleveland, Ohio, for petitioner.

## SUPPLEMENTAL ORDER REGARDING APPOINTMENT OF RETIRED NON-UNION EMPLOYEES COMMITTEE

J. VINCENT AUG, Jr., Bankruptcy Judge.

On October 4, 1990 this Court authorized the appointment of an Official Retiree's Committee, pursuant to § 1114 of the Bankruptcy Code, to serve as the authorized representative of the Debtors' non-union employees retired as of January 15, 1990, who are participants under Debtors' retiree medical, dental and welfare benefit plans. (Doc.1976) The Court has yet to appoint the committee members.

This supplemental order addresses the issue of whether the Debtor's estate may reimburse the Committee's administrative expenses in light of *In re The George Worthington Co.*, 913 F.2d 316 (6th Cir. Sept. 12, 1990).

In *Worthington*, the Court of Appeals refused to allow reimbursement of administrative expenses to an official creditors' committee. The appellate court analyzed Bankruptcy Code § 503(b)(3)(D) and concluded that "[t]here is no explicit statutory basis for the payment of the administrative expenses of an official creditors' committee ..." *Id.* at 326. However, the appellate court also held that, consistent with § 503(b)(3)(D), a creditor or unofficial committee making a substantial contribution may be reimbursed. *Id.* at 322. The Court of Appeals had no opportunity to decide whether a retirees' committee, appointed pursuant to § 1114, is entitled to expenses.

For the reasons stated below, this Court finds that Congress intended that a debtor's estate pay the expenses of a retirees' committee created pursuant to § 1114.

Congress enacted § 1114 to address "the needs of retirees within the context of the traditional structure of the Bankruptcy Code.." S.Rep. No. 119, 100th Cong. 2nd Sess. 2. Subsection (d) of § 1114 provides:

> The court, upon a motion by any party in interest, and after notice and a hearing, shall appoint a committee of retired employees if the debtor seeks to modify or not pay the retiree benefits or if the court otherwise determines that it is appropriate, to serve as the authorized representative, under this section, of those persons receiving any retiree benefits not covered by a collective bargaining agreement.

Several theories emerge when the Code is examined to determine whether a retirees' committee may be paid its expenses.

First, § 503(b)(3)(D) provides that a bankruptcy court may allow as an administrative expense the actual, necessary expenses of committees *"other than* a committee appointed under Section 1102 of this title in making a substantial contribution in a case under Chapter 9 or 11 of this title ..." (emphasis added). A retirees' committee is formed pursuant to § 1114, not § 1102, so one barrier is lifted. Section 503(b)(3)(D) also allows payment to certain creditors. *Id.* at 13. But at the September 27, 1990 hearing on the Debtors' motion for an order appointing the Official Retirees Committee, Debtors argued there is some ques-

tion whether the retirees here are in fact creditors because the Debtor has retained the contractual right to modify their benefits. We do not decide that issue at this time because we think that expenses can be paid pursuant to another avenue.

Second, the language of § 1114 creates a retirees' committee to serve as the "authorized representative" of the retirees. The designation "authorized representative" sets a retirees' committee apart from the categories addressed by the Court of Appeals in *Worthington*. The committee members not only have been given a special mission and a special title, but they also have been given extraordinary powers to modify benefits and to bind their members, pursuant to §§ 1114(b)(2) and 1114(e)(1)(B).

Having considered the various theories, the Court concludes that the best course is to categorize a retirees' committee as a distinct entity altogether. Rather than designate a retirees' committee as an unofficial committee making a substantial contribution or to rely too heavily on a retiree committee being formed "other than" pursuant to § 1102, this Court finds the retirees committee to be an extraordinary committee created by the extraordinary legislation of § 1114. The legislative history of § 1114 supports the Court's conclusion. As Judge Bodoh explained in the case of *In re GF Corporation*, 115 B.R. 579, 582 (Bankr.N.D.Ohio 1990), § 1114 was enacted in quick response to the bankruptcy filing of LTV Corporation on July 17, 1986:

> ... After filing its petition for relief under Chapter 11, LTV concluded that its obligations to provide prepetition benefits to retirees were pre-petition unsecured claims which could not be paid without a court order or confirmed plan. Therefore, LTV stopped all payments in connection with retiree benefits as of the date of filing.... This action left many retirees without health insurance, and Congress acted quickly to remedy this situation. On July 30, 1986, the Senate passed a bill which required LTV to reinstate benefits, and on the same day LTV applied for and received an order of the bankruptcy court permitting it to restore benefits for a six month period at an estimated cost of legislation requiring companies in Chapter 11 to continue to pay retiree benefits in order to give Congress an opportunity to consider the issues raised by the LTV filing. The result of those deliberations is § 1114.

The Congressional Record includes impassioned speeches which chronicle the need to protect retiree health and life insurance benefits when companies go into bankruptcy. 134 Cong.Rec. H3,486–91 (May 23, 1988) (statement of Sen. Metzenbaum). In sum, it is clear that Congress intended § 1114 to provide for the appointment of qualified retirees to negotiate on behalf of their fellow retirees. Congress could not have intended to disqualify prospective committee members if they could not pay their expenses.

At the very least the Court finds authority to award expenses to a retirees committee under the broad equitable powers § 105 grants to bankruptcy courts. This case is a national bankruptcy case involving significant expenses. Retirees who have communicated with the Court by letter are deeply concerned that the Court appoint committee members who will effectively represent the entire spectrum of affected retirees. A September 15, 1990 letter the Court received from Stern's Inc. retiree Harold S. Share of Edison, N.J. expresses these concerns:

> ... Management will be represented and have the support and counsel of a large cadre of highly paid senior Legal, Financial and Employee Benefits executives and specialists from their Corporate offices and subsidiaries. Of course they will be supported by their law firms, public accountants and employee health benefit consultants.

> On the other hand, the Retirees represent approximately 6400 former employees and surviving spouses or dependents whose backgrounds are very diverse and who are geographically dispersed. I am concerned that an appropriate process can be devised which will select members of the Committee who will have the back-

ground, ability and the willingness to give the time and effort necessary to properly negotiate with the high-powered Management group....

As is evident, the Court's appointment of qualified retirees to the committee is a serious matter which should not turn on which retirees can afford to pay their own expenses. Failure to pay the expenses of such a committee would emasculate the intent behind Congress' enactment of § 1114.

For the foregoing reasons, the Court finds that the Debtors' estate is authorized to reimburse the expenses of the Official Retirees' Committee.

The Debtor further is directed to serve the following documents upon the 6400 persons who will be affected by any modifications to their benefit plans: a cover letter explaining the procedure for appointing members to the retirees' committee (Exh.A); a questionnaire to be submitted by retirees interested in serving on the committee (Exh.B); the Court's previous Order authorizing appointment of the retirees' committee (Doc.1976); and a copy of this Order without duplicative copies of exhibits A and B (the cover letter and questionnaire).

IT IS SO ORDERED.

EXHIBIT A

**FEDERATED DEPARTMENT STORES, INC.**
**ALLIED STORES CORPORATION**
7 WEST SEVENTH STREET
CINCINNATI, OHIO 45202
(513) 579 - 7883

WARREN N. ROTHMAN
VICE PRESIDENT
COMPENSATION, BENEFITS AND
MANAGEMENT DEVELOPMENT

October 12, 1990

To:  Federated and Allied Retirees

Re:  **Medical and Dental Benefits**

As you know, on August 31, 1990, Federated Department Stores, Inc. ("Federated") and Allied Stores Corporation ("Allied") filed a motion under section 1114 of the Bankruptcy Code, 11 U.S.C. § 1114, requesting the appointment of an authorized committee ("Committee") to represent former Federated and Allied employees who have retired prior to January 15, 1990 (the date Federated, Allied and their respective subsidiaries filed chapter 11 cases). A copy of the motion has previously been furnished to you. On September 27, 1990, the Bankruptcy Court approved the motion. A copy of the Court order is enclosed. A supplemental Court order, which allows the Committee's expenses to be paid, is also enclosed.

Now that the motion has been granted, the Committee will be appointed by the Court pursuant to the procedures set forth in section 1114 of the Bankruptcy Code, 11 U.S.C. § 1114. Following the appointment of the Committee, it is anticipated that Federated and Allied will make a proposal to the Committee providing for the modification of the various retiree medical and dental plans in effect prior to January 15, 1990. Federated and Allied will make available such relevant information as is necessary for the Committee to evaluate their proposal. In addition, the Committee will be able to retain a law firm and financial advisor to assist in evaluating the proposal. Representatives of Federated and Allied will meet with the Committee as appropriate in an attempt to achieve a mutually satisfactory agreement. In the event that the Committee and Federated and Allied cannot mutually agree, the Court can order modifications to any of the medical or dental plans after notice and hearing.

ABRAHAM & STRAUS, Brooklyn, New York
BLOOMINGDALE'S, Manhattan, New York
BURDINES, Miami, Florida
LAZARUS, Cincinnati, Ohio
RICH'S, Atlanta, Georgia
GOLDSMITH'S, Memphis, Tennessee

THE BON MARCHE, Seattle, Washington
JORDAN MARSH, Boston, Massachusetts
MAAS BROTHERS/JORDAN MARSH, Tampa, Florida
STERN'S, Paramus, New Jersey

FEDERATED DEPARTMENT STORES, INC.
ALLIED STORES CORPORATION

October 12, 1990
Page 2

Enclosed is a questionnaire. The purpose of this
questionnaire is to obtain pertinent information about any
retiree interested in serving on the Committee. Such
information will be helpful to the Court in assuring that the
appointees to the Committee will represent fairly all Federated
and Allied retirees. If you are interested in serving on the
Committee, please complete the questionnaire and return it to:
Warren N. Rothman, Vice President, Federated Department Stores,
Inc., Allied Stores Corporation, 7 West Seventh Street,
Cincinnati, Ohio 45202. Please return the questionnaire so
that Federated and Allied receive it by November 2, 1990.
Please note that if you are a surviving spouse of a deceased
Federated or Allied retiree, you are not eligible to be
considered for appointment to the Committee; accordingly, you
do not need to complete the enclosed questionnaire.

All appointees to the Committee will be notified as
promptly as possible. Further information regarding the
responsibilities of the Committee will also be given to the
members of the Committee when notification of the appointments
is made. Meanwhile, if you have any questions or desire
additional information, please do not hesitate to contact me or
the office of the division or organization from which you
retired.

Sincerely,

Warren N. Rothman

Enclosures

EXHIBIT B

## RETIREE QUESTIONNAIRE

The following is to be completed by any retiree interested in serving on the Committee as explained in the accompanying cover letter. Please mark "Not Applicable" wherever appropriate. Please feel free to attach additional paper if necessary in responding to any question. When completed, please sign and return directly to:

> Warren N. Rothman
> Federated Department Stores, Inc.
> Allied Stores Corporation
> 7 West Seventh Street
> Cincinnati, Ohio 45202

1. Name: _____

2. Address: _____

   _____

3. Phone Number: _____

4. Social Security Number: _____

5. Marital Status: _____

6. Spouse's Name: _____

7. Date and Place of Birth: _____

8. Last Year of Secondary Education Completed:_____

9. Undergraduate University: _____ Major: _____

10. Degree: _____ Year Received: _____

11. Graduate Degree: _____ Year Received: _____

12. Date of Retirement: _____

13. I retired from the following Federated or Allied subsidiary, division or other entity: _____

    _____

14. I worked for such subsidiary, division or entity for the following number of years prior to retirement: _____

15. My position immediately prior to retirement was: _____

_____

16. I held such position for the following number of years prior to retirement: _____

17. Please list all other positions held while employed by the employer listed in question 13 or by any other Federated or Allied subsidiary, division or entity and the approximate dates that each such position was held:

_____

_____

_____

_____

18. Was your retirement the result of a voluntary termination of employment?  Yes _____        No _____

19. If no, please explain: _____

_____

_____

_____

20. Has your spouse ever worked for a Federated or Allied subsidiary, division or other entity?    Yes _____    No _____

21. If yes, please explain:  _____

_____

22. Name of medical plan in which you are presently participating:

_____

23. Name of dental plan in which you are presently participating:

_____

24. Is your spouse participating in either plan listed in question 22 or 23?    Yes _____        No _____

25. If so, which plan?  _____

340

26. Is a dependent participating in either plan listed in question 22 or 23?     Yes _____     No _____

27. If so, which plan? _____

28. Are you presently employed on either a part-time or full-time basis by another employer?     Yes _____     No _____

29. If yes, please describe such employment and list approximate number of hours you devote to such employment? _____

_____

_____

_____

30. If appointed to the Committee, would you be physically able and available to travel to attend meetings in Cincinnati, Ohio and other cities?     Yes _____     No _____

31. Please state your reasons for wishing to be appointed to the Committee: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

32. Have you ever had any experience in the employee benefit or retiree benefit area?
Yes _____     No _____

33. If yes, please explain: _____

_____

_____

_____

_____

34. Have you ever served as a fiduciary (e.g., member of committee to administer a retirement or employee benefit plan, officer or director of a corporation, trustee, conservator, etc.):
Yes _____ No _____

35. If yes, please explain: _____

_____

_____

_____

_____

_____

_____

_____

_____

36. Why do you believe you could be fair and objective in serving on the Committee? _____

_____

_____

_____

_____

_____

37. As a retiree, do you have any present business relationship with Federated or Allied?   Yes _____   No _____

38. If yes, please explain: _____

_____

_____

_____

39. As a retiree, do you consider yourself independent of Federated
and Allied management?　　Yes _____　　No _____ .

40. If no, please explain:　_____

_____

_____

_____

_____

41. Do you have any claims, causes of action or lawsuits (including
any claims that might arise under the supplemental executive
retirement plans or the executive deferred compensation plan)
pending or about to be filed against Federated or Allied, or
any of their subsidiaries, or any of their officers, directors
or employees?　　Yes _____　　No _____

42. If yes, please explain:　_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

43. Please feel free to express yourself regarding any other matter relating to the appointment of the Committee which you wish the Court to consider:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Date: _____        _____
                                 Signature of Retiree

